You have asked for our opinion on two questions concerning the law governing the conversion of a residential rental property to a condominium. Such conversions are regulated by the Maryland Condominium Act ("Act"), Annotated Code of Maryland, Real Property Article ("RP"), § 11-101 et seq. Among other things, the Act provides that a tenant may not be required to vacate his or her rental unit for at least 180 days after receiving notice of the condominium conversion (RP § 11-102.1) — a notice that must be accompanied by an offer to sell the unit to the tenant (RP § 11-136). Specifically, you ask:
1. Whether the purchase offer given to the tenant is valid if it does not contain a specific purchase price for the condominium unit; and
2. Whether the 180-day time period triggered by the notice of the conversion is tolled if the concurrent notice of the tenant's right to purchase is not valid.
In our opinion, the answers to your questions are as follows:
1. The purchase offer required by RP § 11-136 must include a specific price for the unit offered to the tenant.
2. The failure to include a specific price in the purchase offer given to a tenant tolls the beginning of the 180-day minimum period under RP § 11-102.1.
 I Statutory Provisions
A. Conversion Notice to Tenants under RP § 11-102.1
The Act confers certain rights on renters of residential property when the owner of the property decides to convert it to a condominium regime. After registering a public offering statement for the proposed condominium regime with the Secretary of State, the owner[1] must provide a written notice of the proposed conversion to each residential tenant.[2] RP § 11-102.1(a)(1). Thereafter, the tenant has a right to remain in the premises for at least 180 days on the terms and conditions of the current lease and may not be required to vacate the premises except for certain specified reasons. RP § 111-02.1(c)-(d).[3] Alternatively, a tenant may choose to terminate the lease without penalty on 30 days notice. RP § 11-102.1(e).
The statute sets forth the form of the notice, which is entitled "Notice of Intention to Create a Condominium." RP § 11-102.1(f). The notice states that the tenant may continue to reside in the property during the term of the tenant's lease, or during the 180-day period under the terms of the current lease, whichever is longer. Id. During that period, the tenant may move out of the property upon 30 days notice. Id. It states that the tenant also has the right to purchase his or her residence on the terms of a purchase offer enclosed with the notice before the unit is offered for sale publicly.
Id. The notice also recites certain other rights not pertinent to your question.[4]
A copy of the notice, together with a list of tenants, is to be filed with the Secretary of State. RP § 11-102.1(a)(3). A copy of the notice must also be included as part of the public offering statement for the condominium regime that is registered with the Secretary of State and given to prospective purchasers of condominium units. RP § 11-126(b)(15).
Failure to give the required notice does not affect the validity of the condominium regime. RP § 11-102.1(i). However, it is a defense against a later action by the landlord against the tenant for possession of the premises. RP § 11-102.1(h).
A landlord may not terminate a tenant's lease in advance of filing a condominium registration in order to evade the conversion notice requirement. RP § 11-102.2(b). If the Secretary of State determines that leases have been terminated for that purpose within certain time periods, the application for condominium registration may be rejected or revoked. RP § 11-102.2(d).
B. Purchase Offer under RP § 11-136
As indicated above, the conversion notice that is provided to tenants must include a written "purchase offer" under which the tenant may buy the portion of the condominium in which he or she resides. The purchase offer is governed by RP § 11-136, which reiterates that the purchase offer "shall be part of" the conversion notice required by RP § 11-102.1. RP § 11-136(a)(2);see also RP § 11-102.1(a)(1).
The offer must be at a price and on terms and conditions at least as favorable as the price, terms, and conditions offered for the property to any other person during the 180-day period following the conversion notice. RP § 11-136(a)(1), (e). The offer must remain open for 60 days after delivery, unless the tenant terminates the lease earlier. RP § 11-136(a)(2)(i), (c). Settlement cannot be required sooner than 120 days after an offer is accepted. RP § 11-136(a)(1).
If the property will be reconfigured as part of the conversion in such a manner that the tenant's current residence will not be a unit, the offer must be for a "substantially equivalent portion of the property." RP § 11-136(b).
 II Analysis
A. Sufficiency of Purchase Offer Without a Specific Price
You ask whether a purchase offer made pursuant to RP § 111-36 is valid if it does not contain a specific purchase price for the proposed condominium unit.
The statute does not purport to delineate all the items that might be part of a purchase offer under the statute. However, it does state that "[t]he offer shall be at a price and on terms and conditions at least as favorable as the price, terms and conditions offered for that portion of the property to any other person during the 180 day period following the giving of the [conversion] notice . . ." RP § 111-36(a)(1) (emphasis added). Thus, the statute contemplates that the offer will contain a price, and presumably other terms and conditions, for the sale of the unit to the tenant. Indeed, that price, and any accompanying terms, are the benchmark for any other offer of the property during the specified time period. Attorney General Sachs identified the purpose of this provision: "State law guards against the forced displacement of tenants by an owner who charges inordinately high purchase prices, planning to sell the empty facility to a developer or other buyer at a vastly more favorable price." 68 Opinions of the Attorney General 123, 126 (1983).
Even if the owner did not contemplate offering the property for sale to anyone else during the 180-day period, an "offer" to sell the property to the tenant that does not state a proposed price could hardly be characterized as an offer for purposes of this statute. RP § 11-136 indicates that the tenant has 60 days to decide whether to accept the purchase offer. Obviously, it does not contemplate that the owner would ask the tenant to propose a price that the owner would then accept or reject. In our opinion, a generalized expression of willingness to sell the property to the tenant without a statement of a specific price would not satisfy the requirements of RP § 11-136.
B. Effect of Insufficient Purchase Offer on Conversion Time Period
The conversion notice required by RP § 11-102.1 must contain various elements as outlined above. A key component of that notice is a purchase offer that meets the requirements of RP § 11-136. The delivery of the conversion notice triggers the beginning of a 180-day minimum period during which a tenant is entitled to remain in the residence under the same terms and conditions as the tenant's existing lease and a 60-day period during which the tenant has essentially a right of first refusal for a condominium unit.
Failure to give a sufficient conversion notice or otherwise fulfill the requirements of RP § 11-102.1 does not undermine the validity of the condominium conversion. RP § 11-102.1(i). However, the Act was not designed to fix a time at which a conversion could be accomplished "as a matter of state law right." Rockville Grosvenor, Inc. v. Montgomery County,289 Md. 74, 100, 422 A.2d 353 (1980). Rather, "the thrust of [RP] § 11-102.1 is to confer protections on residential tenants." Id.
In our view, the 180-day minimum period during which a tenant may remain in his or her residence does not commence until the tenant receives a purchase offer that includes a specific price. Accordingly, the failure to include a specific price in the purchase offer would toll the beginning of the 180-day period under RP § 11-102.1.
 III Conclusion
For the reasons set forth above, it is our opinion that:
1. The purchase offer required by RP § 11-136 must include a specific price for the unit offered to the tenant.
2. The failure to include a specific price in the purchase offer given to a tenant tolls the beginning of the 180-day minimum period under RP § 11-102.1 during which the tenant may remain in a residence designated for conversion to a condominium regime.
J. Joseph Curran, Jr.Attorney General
Robert N. McDonaldChief Counsel Opinions and Advice
[1] If the landlord of the unit is not the owner, the landlord must also give the tenant the required notice. RP § 11-102.1(a).
[2] A tenant whose lease expires within 180 days and who has notified the landlord that he or she will not be renewing the lease is not entitled to this notice. RP § 11-102.1(j).
[3] A tenant may be required to vacate the premises for breach of a covenant in the lease, failure to pay rent, and failure to vacate the premises in accordance with a notice given by the tenant under RP § 11-102.1(e).
[4] For example, tenants are entitled to reimbursement for at least part of their moving expenses; senior citizens and individuals with disabilities may be entitled to extended leases.See also RP §§ 11-136(h), 11-137. *Page 49